## TEXAS *v.* NEW MEXICO

No. 65, Orig.   Decided May 19, 1980 and June 17, 1983—Order entered
June 11, 1984—Decided and decree entered June 8, 1987—Decided and
amended decree and order entered March 28, 1988

PER CURIAM.

Last Term we issued a decree in this case which enjoined
the State of New Mexico "to comply with its Article III(a)
obligation under the Pecos River Compact and to determine
the extent of its obligation in accordance with the formula ap-
proved by the decisions of this Court." *Texas* v. *New Mex-
ico,* 482 U. S. 124, 133 (1987).   We retained jurisdiction for
the purpose of any order, direction, or modification of the
decree as might be deemed proper.   In particular, we ap-
proved the Special Master's recommendation that a River
Master be appointed in this case, and requested that on re-
mand the Special Master "recommend an amendment to the
decree, specifying as he deems necessary the duties of the
River Master and the consequences of his determinations.
Any other suggestions for amendments should also be called
to our attention." *Id.,* at 135.

The Special Master has now submitted a report, which in-
cludes a proposed amended decree.   New Mexico's motion
for leave to file a reply brief is granted.   New Mexico's ex-
ceptions to the report are overruled.   The report is approved
and an amended decree will issue forthwith.   The Special

Master has also recommended a person to serve as River Master. We accept that recommendation.

## AMENDED DECREE

IT IS ORDERED, ADJUDGED, AND DECREED THAT:

## I

## DEFINITIONS

A. For purposes of this Decree:

1. "Accounting year" is the calendar year during which the River Master makes the calculations required by Article III.B.1. below; "water year" is the calendar year immediately preceding the accounting year.

2. "Manual" is the Pecos River Master's Manual admitted into evidence as Texas Exhibit 108, which is an integral part of this Decree. The Manual may be modified from time to time in accordance with the terms of this Decree.

3. "Overage" is the amount of water delivered by New Mexico in any water year which exceeded the Article III(a) obligation for that year.

4. "Shortfall" is the amount by which the water delivered by New Mexico in any water year fell short of the Article III(a) obligation for that year.

## II

## INJUNCTION

A. The State of New Mexico, its officers, attorneys, agents, and employees are hereby enjoined:

1. To comply with Article III(a) of the Pecos River Compact and to meet the obligation thereof by delivering water to Texas at state line as prescribed in this Decree.

2. Within thirty (30) days of receipt of a final Report of the River Master identifying a shortfall, to submit to

the River Master a proposed plan providing for verifiable action by New Mexico that will increase the amount of water at state line prior to March 31 of the year following the accounting year by the amount of the shortfall. In order to identify the incremental amount of water being delivered to Texas to satisfy a prior shortfall, the plan shall:

(a) Identify the specific actions to be taken by New Mexico to increase the amount of water flowing to Texas, including, if applicable, the points at which water will enter the river or diversions will be curtailed;

(b) Specify the dates and times the actions will be taken;

(c) Provide a calculation under the procedures and equations set forth in the Manual of the amount of water that can be presumed to arrive at state line as a result of the actions;

(d) Identify the means by which the actions can be verified and provide assurances that documents and data necessary for verification will be submitted to the River Master within thirty (30) days from the date the actions are taken;

(e) Provide guarantees that the water to be delivered pursuant to the plan will not be diverted within New Mexico.

3. To comply prior to March 31 of the year following the accounting year with the terms of an Approved Plan to remedy any shortfall. Compliance with an Approved Plan will be deemed to satisfy the shortfall. Subject to the review provided in Article III.D. of this Decree, the calculations made pursuant to Article II.A.2(c), as approved by the River Master, shall be determinative of the amount of water delivered at state line.

## III

## RIVER MASTER

A. *Appointment.* The appointment of a River Master is made by the attached Order of Appointment.

B. *Duties.* The River Master shall perform the following duties:

1. Calculate in accounting year 1988, beginning with water year 1987, and continuing every year thereafter, pursuant to the methodology set forth in the Manual:

(a) The Article III(a) obligation;

(b) Any shortfall or overage, which calculation shall disregard deliveries of water pursuant to an Approved Plan;

(c) The net shortfall, if any, after subtracting any overages accumulated in previous years, beginning with water year 1987.

2. Deliver to the parties a Preliminary Report setting forth the tentative results of the calculations required by Section III.B.1. of this Decree by May 15 of the accounting year;

3. Consider any written objections to the Preliminary Report submitted by the parties prior to June 15 of the accounting year;

4. Deliver to the parties a Final Report setting forth the final results of the calculations required by Section III.B.1. of this Decree by July 1 of the accounting year;

5. Review any plan proposed by New Mexico pursuant to Article II.A.2. of this Decree for its efficacy in satisfying any shortfall and consider any written objections to the plan which are submitted by Texas by September 1 of the accounting year.

6. Modify the proposed plan as is deemed necessary to ensure satisfaction of the shortfall and deliver to the parties such Approved Plan by October 1 of the accounting year;

7. Deliver to the parties and file with this Court a Compliance Report by June 1 of the year following any accounting year in which there is an Approved Plan, which report shall include a finding of New Mexico's compliance or noncompliance with the terms of the Approved Plan and the reasons for such finding.

C. *Modification of Manual.*

1. The River Master shall modify the Manual in accordance with any written agreement of the parties. Such written agreement shall state the effective date of the modification and whether it is to be retroactive. If retroactive, the agreement shall specify the procedures for making the retroactive adjustments.

2. Absent written agreement of the parties, upon motion by either party and for good cause shown, the River Master may modify the Manual. Opposition to any such motion shall be submitted to the River Master in writing within thirty (30) days after service of the motion or within such extended time as may be allowed by the River Master. Additional written submissions and any oral presentation will be at the River Master's discretion. The River Master may adopt, reject, or amend the proposed modification and shall serve upon the parties his or her written Modification Determination and the grounds therefor. The River Master may also defer decision on a proposed modification, but if no action is taken within one (1) year of its submission, the motion shall be deemed denied.

3. A modification of the Manual by motion shall be first applicable to the water year in which the modification becomes effective.

4. All modifications of the Manual shall be transmitted immediately to the Clerk of this Court and shall be retained in the files for this case.

D. *Effect of River Master's Determination.* Unless stayed by this Court, any Final Report, Approved Plan, Compliance Report, or Modification Determination (hereinafter, collectively, "Final Determination") shall be effective upon its adoption, and shall be subject to review by this Court only on a showing that the Final Determination is clearly erroneous. A party seeking review of a Final Determination must file a motion with the Clerk of this Court within thirty (30) days of its adoption, which motion shall set forth the Final Determination on which review is sought and a concise statement of the basis of the claim that the Final Determination is clearly erroneous.

E. *Authority of Pecos River Commission.* Nothing in this Decree is intended to displace the authority of the Pecos River Commission to administer the Pecos River Compact, and if the Commissioners reach agreement on any matter, the parties shall advise the Court and seek an appropriate amendment to this Decree.

F. *Communication with River Master.* *Ex parte* communications with the River Master are forbidden. Any written communication with the River Master by motion or otherwise shall be simultaneously served by mail on the opposing party. Any oral communication with the River Master shall be made in the presence of the opposing party, whether by telephone conference call or in person.

G. *Distribution of Costs.* The compensation of, and the costs and expenses incurred by, the River Master shall be approved by the Court and borne equally by the State of Texas and the State of New Mexico.

IV

DISMISSAL OF UNITED STATES

A. The United States is dismissed from this proceeding without prejudice.

## V

## RETENTION OF JURISDICTION

The Court retains jurisdiction of this suit for the purpose of any order, direction, or modification of the Decree, or any supplementary decree, that may at any time be deemed proper in relation to the subject matter in controversy.

## ORDER APPOINTING RIVER MASTER

IT IS ORDERED that Neil S. Grigg be and he hereby is appointed River Master of the Pecos River for the purpose of performing the duties set forth in the Amended Decree of March 28, 1988.

IT IS FURTHER ORDERED that the River Master shall have the power and authority to subpoena information or data, compiled in reasonable usable form, which he deems necessary or desirable for the proper and efficient performance of his duties.

IT IS FURTHER ORDERED that the River Master is allowed his necessary expenses and reasonable fees for his services, statements for which shall be submitted quarterly to the Court for its approval. Upon Court approval, such statements will be paid by the State of New Mexico and the State of Texas.

IT IS FURTHER ORDERED that if the position of River Master becomes vacant during a recess of the Court, THE CHIEF JUSTICE shall have authority to make a new designation which shall have the same effect as if originally made by the Court.

JUSTICE STEVENS took no part in the consideration or decision of this case.